UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE RAY MOORE, JR.,

                    Plaintiff,                              Case Number 11-11857
                                                           Honorable David M. Lawson
v.                                                         Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, REVERSING THE FINDINGS OF THE COMMISSIONER, AND
REMANDING TO THE COMMISSION FOR FURTHER CONSIDERATION**

The plaintiff filed the present action on April 27, 2011 seeking review of the Commissioner's

decision denying the plaintiff's claims for a period of disability and disability insurance benefits

under Title II of the Social Security Act and for supplemental security income under Title XVI of

the Social Security Act.  The case was referred to United States Magistrate Charles E. Binder

pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3).  Thereafter, the plaintiff filed

a motion for summary judgment to reverse the decision of the Commissioner and award him

benefits.  The defendant filed a motion for summary judgment requesting affirmance of the decision

of the Commissioner.  Magistrate Judge Binder filed a report on March 12, 2012 recommending that

the plaintiff's motion for summary judgment be granted, the defendant's motion for summary

judgment be denied, and the matter be remanded to the Commission for an award of benefits.  The

defendant filed timely objections to the recommendation.  This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the defendant's

objections and has made a *de novo* review of the administrative record in light of the parties'

submissions.  The issue in the case is whether the plaintiff is disabled within the meaning of the Social Security Act and the Commissioner's regulations due to epileptic seizures and mental impairments.  The Administrative Law Judge (ALJ) determined that the plaintiff's seizures were well controlled by medication.  The plaintiff testified otherwise, and there is evidence in the record that supports his assertions, which the magistrate judge found so persuasive that it precluded the finding that substantial evidence supported the ALJ's determination.

The defendant objects to the magistrate judge's disagreement with the ALJ's finding that the plaintiff's seizure disorder was well controlled by medication.  The defendant argues that the magistrate judge relied on the plaintiff's testimony and largely focused on evidence indicating that the plaintiff had seizures prior to his alleged disability onset date.  The defendant argues that the pre-disability evidence was not probative for the relevant period and was insufficient to overcome the substantial evidence supporting the ALJ's finding that the plaintiff's seizures were well controlled. In the alternative, the defendant argues that remand to the agency for further proceedings, rather than for an award of benefits, is the appropriate remedy because proof of disability is not overwhelming and evidence to the contrary is not lacking.

The plaintiff, who is now thirty-three years old, filed his application for disability insurance benefits and for supplemental security income on May 9, 2008 when he was twenty-nine.  The plaintiff has a GED, and he was previously employed as a cashier at Wal-Mart.  Before his employment as a retail cashier, the plaintiff had worked as a floor finisher for approximately two years, a delivery driver for approximately one year, and a long-haul trucker for approximately three years.  His work as a long haul truck driver involved frequent lifting of fifty pounds or more.

The plaintiff last worked in May of 2008.  The plaintiff alleges that his disability began on May 1, 2008 and the ALJ found that the plaintiff had not engaged in substantial gainful activity since that date.  The plaintiff has been diagnosed with a closed head injury and history of epilepsy with partial and secondary generalized seizures, bipolar disorder, depression, and substance abuse. The plaintiff has taken several medications by prescription including Keppra, Deprakote, Ativan, Zoloft, Neurontin, Remeron, Xanax, Tegretol, Dilantin, and Klonopin.

The plaintiff's application for disability insurance benefits was denied initially.  The plaintiff made a timely request for an administrative hearing.  On February 16, 2010, ALJ Troy M. Patterson conducted a remote administrative hearing over a video connection with the plaintiff.  The plaintiff was thirty years old at the time.  ALJ Patterson filed a decision on April 8, 2010 in which he found that the plaintiff was not disabled.  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920.  The ALJ found that the plaintiff had not engaged in substantial gainful activity since May 1, 2008 (step one); the plaintiff suffered from seizures secondary to a remote closed head injury, depression, mood disorder, bipolar disorder, and polysubstance dependence, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a retail cashier or truck driver for a moving company, which exceeded his current functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with some limitations to accommodate his mental impairments.  The ALJ found that the plaintiff must be restricted to jobs

-3-

that would not expose him to unprotected heights or dangerous machinery and that would involve only superficial interpersonal contact with coworkers, supervisors, and the public.  A vocational expert testified that the plaintiff would not be able to perform his previous work, but other jobs that fit within the limitations set out by the ALJ existed in significant numbers in the national economy, including representative occupations with a reduced range of assembly, material handler, material packer, and laundry worker positions.  Based on that testimony and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on March 3, 2011.

As the magistrate judge noted, the plaintiff bears the burden of proving entitlement to benefits under Title II and Title XVI of the Social Security Act, which means that the plaintiff must establish that he suffers from a disability, as that term is defined in the Act.  *See Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *see also Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant suffers from a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The concept of disability, then, relates to functional limitations.  Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t

is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity).

There can be little question that an individual suffering from periodic seizures on a regular basis will not be able to perform employment tasks on a sustained basis as the workplace demands. *See Ealy v. Comm'r of Social Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). The magistrate judge cited evidence of the plaintiff's frequent seizures that were documented in medical records between May 2007 and April 2008, which plainly predated that plaintiff's claimed disability date of May 1, 2008. The Commissioner argument that such evidence is irrelevant is not entirely correct. Certainly, the plaintiff must establish disability during the period alleged with evidence that describes his condition during that period. *Estep v. Weinberger*, 525 F.2d 757, 757-58 (6th Cir. 1975) (stating that medical evidence is relevant to prove a disability only while the claimant enjoyed insured status). However, medical evidence that predates the period of alleged disability may be, and ought to be, considered insofar as it bears on the claimant's condition after the onset of disability. *See Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976) ("Medical evidence of a subsequent condition of health, reasonably proximate to a preceding time may be used to establish the existence of the same condition at the preceding time.").

Evidence of the plaintiff's previous seizures is part of the longitudinal history of his experience and lends credibility to his own descriptions of his continuing seizures. There is nothing in the record that contradicts the plaintiff's own description of them, as the magistrate judge observed. Although the record supports the ALJ's observation that the August 2009 grand mal seizure occurred after the plaintiff stopped taking his medication on the mistaken belief that he no

-5-

longer had epilepsy, there is no evidence, as the magistrate judge aptly noted, that the seizures that occurred in May 2007, February 2008, or April 2008 resulted from the plaintiff's failure to take medication.  The Court, therefore, agrees with the magistrate judge's conclusion that the ALJ's determination that the plaintiff's seizures were well controlled by medication is not supported by substantial evidence on the whole record.

However, the Court must part company with the magistrate judge on the question of the proper remedy.  "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).  The magistrate judge did not explain his rationale for ordering benefits on the present record.  The vocational expert did testify in response to the ALJ's hypothetical question that no work would be available to a person who is "unable to engage in sustained work activity for a full eight-hour day on a regular and consistent basis."  Tr. 51.  However, the record is not fully developed on the question whether the plaintiff's seizures render him unable to so perform.

In *Faucher*, the court of appeals concluded that when the record needs further development, remand for further proceedings is authorized under sentence four of 42 U.S.C. § 405(g).  *See also Melkonyan v. Sullivan,* 501 U.S. 89, 97-98 (1991).  Remanding for an award of benefits is appropriate when "the [ALJ's] decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."  *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985).  The Court believes that the record of the plaintiff's disability due to

his seizures is not so strong as to satisfy *Mowery*.  Therefore, the recommendation to remand for benefits must be rejected.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion that substantial evidence does not support the ALJ's conclusion that the plaintiff is not disabled.  However, the record in its present state does not support a remand for benefits.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED IN PART**.

It is further **ORDERED** that the defendant's objections [dkt. #17] are **OVERRULED IN PART**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **DENIED**.  The findings of the Commissioner are **REVERSED**, and the matter is **REMANDED** to the Commission for further proceedings

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 26, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---